70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Keith E. SMITH.
 No. 95-1235.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before ARCHER, Chief Judge, RICH, and NEWMAN, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Keith E. Smith appeals from the December 23, 1994 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the patent examiner's final rejection of claim 1 of Smith's patent application serial no. 08/092,361 ('361 application). We affirm.
 
 DISCUSSION
 
 2
 The '361 application is directed to a retractable tape measure having conventional electrical information displayed on both the tape and the tape housing for ease of reference by an electrician. According to claim 1, the tape measure comprises a flexible strip having a measuring scale on one surface and tables containing information concerning electrical wiring on the opposite surface and a housing formed of a flat surface also having a table containing information concerning electrical wiring.
 
 
 3
 Claim 1, the only claim pending in the '361 application, was rejected under 35 U.S.C. Sec. 103 as being obvious in view of British patent application, publication no. 2,186,692, to Cruickshank. Cruickshank also discloses a retractable tape measure having written information on both the tape and a flat surface of the tape housing for quick and easy reference by the user. The only difference between claim 1 and Cruickshank lies in the types of information printed on the tape and housing. The examiner determined that the claim limitations directed to electrical information on the tape and housing amount to nothing more than printed matter and that because the printed matter is not functionally related to the tape measure it is entitled to no patentable weight. There being only printed matter differences between Cruickshank and claim 1, the examiner rejected claim 1. The board agreed with the examiner and noted additionally that Cruickshank explicitly teaches that "information relating to different subject areas could be provided."
 
 
 4
 On appeal, Smith's principal argument is that the rejection was improper because Cruickshank does not mention or refer to electrical information. Applicant's recitation of specific electrical information, however, does not render claim 1, considered as a whole, nonobvious. Cruickshank clearly teaches placing reference information on a retractable tape measure and its housing. Cruickshank's failure to state the same electrical information as recited in claim 1 does not negate its teachings as a whole. Indeed, even Smith notes in the '361 application that while the information claimed on his tape relates to the electrical trade, information for any other trade, such as carpentry (which is how Smith characterizes the written information in Cruickshank), could be provided. Moreover, Smith has failed to establish that the claimed printed matter is in any way functionally related to the tape and housing. As a result, Smith's claimed electrical information does not distinguish his invention from Cruickshank. In re Gulack, 703 F.2d 1381, 1385, 217 USPQ 401, 404 (Fed.Cir.1983) ("Where the printed matter is not functionally related to the substrate, the printed matter will not distinguish the invention from the prior art in terms of patentability."). The decision of the board is therefore affirmed.